Julia Haughton v. B. F. Haughton, her Husband.

Defendant had summoned more than forty witnesses, and asked for attachments, which the court refused him without security for the costs of all the attachments exceeding six.  *By the Court:* There is no averment that he expected to prove anything material by the absent witnesses, nor that he was unable to give the security required.  Much discretion must be left *to the judges of the first instance in such a matter as this, in order to prevent the abuse of the process of the court.*  C. P. 472.

Where the witness had lived several months in defendant's house, and defendant was present at the trial and cross examined witness, he cannot allege surprise, or claim a new trial, to inquire into the competency, or credibility of the witness.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
*Olcott & Woodridge*, for plaintiff.   *R. & H. Marr*, for defendant and appellant.

Spofford, J.*  The defendant has appealed from a judgment of separation of bed and board, rendered against him in favor of the plaintiff, his wife, upon the allegation that his conduct, excesses and outrages towards her rendered their living together insupportable.

The appellant complains that the District Judge erred, in ruling upon the trial that he should give security for the costs to be incurred by the issuing of more than six attachments for his absent witnesses, under Art. 472 C. P.

There is no averment that he expected to prove anything material by the absent witnesses, nor that he was unable to give the security required.  Much discretion must be left to the judge of the first instance in such a matter as this, in order to prevent the abuse of the process of the court.  The District Judge states that the defendant had summoned more than forty witnesses, and that he had reason to believe that the object of asking attachments for so many was to increase the costs.

---

* Lea, J., took no part in this decision.

As much of the testimony of the ten witnesses who were examined for the defendant has no bearing in his favor, this opinion of the judge was probably not without foundation. At any rate, there is no such showing upon the record that the defendant has been illegally deprived of any substantial benefit as would authorize us to remand the cause.

He complains, secondly, that the court erred in overruling his motion for a new trial, on the ground that he had just discovered that the principal witness for the plaintiff—who had been examined without objection on his part—was incompetent, by reason of her age: she not being of the age of fourteen years complete. The affidavit upon this subject shows only that a single person had expressed an opinion to that effect, but that he declined to make affidavit that she was not fourteen years of age. This of itself would have been a sufficient reason for refusing the application. But in the argument filed on behalf of the appellant, it is stated that this witness was " a mere child, very small, *apparently* not more than twelve years old." She had, moreover, lived several months in the defendant's house; and as he was present on the trial and cross-examined her, we think he cannot allege surprise or claim a new trial to inquire into the competency or the credibility of this witness.

We do not think it necessary or desirable to enter into the details of a course of conduct, which, after but four years of married life, and while both parties are still young, has broken up a contract which nothing but death was intended to sever. A perusal of the evidence has impressed us with the conviction that it would be better for these people to live asunder, and that the law justifies the decree.

It is, therefore, affirmed, with costs.